IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

Case No. CIV-07-53 F

BRANDON DALE BIGGS and DIANA BETH BIGGS,
on behalf of themselves and all other similarly situated

Plaintiff

vs.

CREDIT COLLECTIONS, INC., An Oklahoma Corporation, JANE DOE, a/k/a DEBRA
DENTON, an Individual and JOHN DOE, a/k/a ROBERT SULLIVAN,

Defendants.

PLAINTIFFS' BRANDON DALE BIGGS and DIANA BETH BIGGS MOTION FOR
SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Joseph B. Miner, OBA #6249
Christopher J. Petersen #14085
Little, Miner & Petersen
3035 NW 63rd Street, Suite 200
Oklahoma City, OK  73116-3606
Telephone:  405/848-0346
Fax:  405/848-7569
E-mail:  lmp_okc @ justice.com

Attorneys for Plaintiffs
Brandon Dale Biggs and Diana Beth Biggs

October 1, 2007

**TABLE OF CONTENTS**

**PAGE**

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT     1

INTRODUCTION     1

STANDARD OF REVIEW AND BURDEN OF PROOF     2

UNDISPUTED MATERIAL FACTS     3

ARGUMENT AND AUTHORITIES     5

      I.      THE FDCPA IS A STRICT LIABILTY STATUTE.     5

      II.     THE FDCPA REQUIRES THE MINI-MIRANDA WARNING IN ALL COMMUNICATIONS     5

      III.     DEFENDANTS FAILED TO PROVIDE THE NECESSARY MINI-MIRANDA IN THEIR COMMUNICATIONS WITH DEBTORS.     9

CONCLUSION     10

CERTIFICATE OF SERVICE     10

**TABLE OF AUTHORITIES**

**PAGE**

**Cases**

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993)     5

*Carroll v. Wolpoff & Abramson*, 961 F.2d 459 (C.A. 4, (Md) 1992).     6

*Celotex v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)     2

*Colgate-Palmolive Co.*, 380 U.S. 374, 393, 85 S.Ct. 1035, 13 L.Ed.2d 904 (1965)     9

*Eby v. Reb Realty, Inc.*, 495 F.2d 646 (9th Cir. 1974)     5

*Foti v. NCO Financial Sys., Inc.* 424 F.Supp.2d 643 (S.D. N.Y. 2006)     8,9

*Frey v. Gangwish*, 970 F.2d 1516 (6th Cir. 1992)     6

**TABLE OF AUTHORITIES. Cont.**

**PAGE**

*Hicken v. Arnold, Anderson & Dove, PLLP,* 137 F.Supp 2d 1141 (U.S.D.C. Minn. 2001)     3

*Hosseinzadeh v. M.R.S. Assoc., Inc.,* 387 F. Supp.2d 1104 (C.D. Cal 2005)     7

*In Re Mason,* 167 B.R. 327 (Bankr. D.R.I. 1994)     7

*Irwin v. Mascott,* 112 F. Supp. 2d 937 (N.D.Cal 2000)     5

*Johnson v. Riddle,* 305 F.3d 1107 (10th Cir. 2002)     5

*Joseph v. J.J. Mac Intyer Cos., L.L.C.,* 281 F. Supp.2d 1156 (N.D. Cal 2003)     7

*Kuhn v. Account Control Technology, Inc.,* 865 F. Supp 1143 (D. Nev. 1994)     5

*McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1128 (10th Cir. 1998)     2

*Pittman v. J.J. MacIntyre Co of Nevada, Inc.,* 969 F. Supp. 609 (D. Nev. 1997)     5

*Reiter V. Sonotone Corp,* 60 L.Ed.2d 931, 99 S.Ct. 2326, 442 U.S. 330 (1979)     5

*Russell v. Equifax A.R.S.,* 74 F.3d 30 (2d Cir. 1996)     5,9

*Seabrook v. Onondaga Bureau of Medical Economics, Inc.*
705 F. Supp. 81 (N.D.N.Y 1989)     7

*Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232 (5th Cir. 1997)     5

*Tolentino v. Friedman,* 46 F.3d 645 (7th Cir. 1995)     5,9

**Statutes**

15 U.S.C. §1601     5

15 U.S.C. §1692     1,2,5

15 U.S.C. §1692a(2)     6

15 U.S.C. §1692d(6)     7

15 U.S.C. §1692c(b)     8

## TABLE OF AUTHORITIES. Cont.

**PAGE**

15 U.S.C. §1692e                                                    3,6,8

15 U.S.C. §1692e(11)                                          5,6,7,8,9,10

15 U.S.C. §1692g                                                       6

## Rules

Fed. R. Civ. P. 56                                                    2

Fed. R. Civ. P. 56(e)                                                 2

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

1) BRANDON DALE BIGGS and DIANA
BETH BIGGS, on behalf of all others
similarly situated

                        Plaintiffs,

v.                                                                Case No. CIV-07-53 F

1)  CREDIT COLLECTIONS, INC., an
 Oklahoma Professional Corporation, JANE
DOE, a/k/a DEBRA DENTON, an individual,
and JOHN DOE, a/k/a ROBERT
SULLIVAN, an Individual,

                        Defendants.

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Plaintiffs, BRANDON DALE BIGGS and DIANA BETH BIGGS, on behalf of themselves and all other similarly situated, pursuant to Rule 56 of the Federal Rules of Civil Procedure, requests this Court to grant summary judgment on all claims asserted by Plaintiffs. Summary judgment as to the Plaintiffs' is mandated on all claims they allege.

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Defendant, CREDIT COLLECTIONS, INC., through its agents and employees JANE DOE, a/k/a DEBRA DENTON and JOHN DOE, a/k/a ROBERT SULLIVAN, violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.). BRANDON DALE BIGGS, and his wife, DIANA BETH BIGGS, owed a hospital debt purchased by Defendant CREDIT COLLECTIONS, INC., while it was in default. It must be noted that this indebtedness is now paid. In attempting to collect the alleged debt, CREDIT COLLECTIONS, INC., through its collectors, JANE DOE, a/k/a DEBRA DENTON and JOHN DOE, a/k/a ROBERT SULLIVAN, made numerous telephone calls to Plaintiffs. During those conversations, it was stated that if the debt was not paid in fourteen (14) days, CREDIT COLLECTIONS, INC., would immediately

take 25% of their paycheck by garnishment.   At no time during these debt collection conversations were necessary oral warnings mandated by the FDCPA ("This communication is from a debt collector") provided.

Plaintiffs also received debt collection calls left on their home answering machine and at their work for a period of five (5) months starting October of 2006.  At no time during these debt collection conversations were necessary oral warnings mandated by the FDCPA ("This communication is from a debt collector") provided.  Several of the telephone conversations and the messages left on the Plaintiffs' answering machine were audio recorded.

## STANDARD OF REVIEW AND BURDEN OF PROOF

Fed. R. Civ. P. 56, mandates the entry of summary judgment "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  As to the evidentiary burdens, the court in *Celotex v. Catrett,* 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986), held the moving party on a motion for summary judgment bears the initial burden to identify those portions of the record demonstrating the absence of a genuine issue of material fact.  "Entry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'".  *Celotex* at 322.  It is not the defendant's burden to negate every element of plaintiff's *prima facie* case in order to obtain summary judgment.  Rather, a defendant simply must show an absence of evidence on any single element essential to plaintiff's *prima facie* case.  To defeat summary judgment, the non-moving party must respond with specific facts sufficient to establish the essential elements of that party's case. *McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1128 (10th Cir. 1998); *Celotex,* 477 U.S. at 323-24.  The non-moving party may not use mere denials, without supporting facts, to meet this burden. Fed. R. Civ. P. 56(e); *Celotex,* 477 U.S. at 321 n. 3.

## FAIR DEBT COLLECTION PRACTICES ACT – BACKGROUND AND HISTORY

The Fair Debt Collection Practices Act of 1978, hereinafter the "FDCPA," was enacted by Congress in response to testimony from consumer rights groups regarding unethical business

2

practices by collection agencies. 15 U.S.C. § 1692 *et. seq.* The express purpose of the FDCPA is "[T]o eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692e. "Congress enacted the Fair Debt Collection Practices Act (FDCPA) in 1977 as an amendment to the Consumer Credit Protection Act "'to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.'" *Hicken v. Arnold, Anderson & Dove, PLLP*, 137 F.Supp. 2d 1141 (U.S.D.C. Minn. 2001). Congress found that the existing laws and procedures for prohibiting such practices were inadequate to protect consumers and certified that the private collection industry was out of control. Legislative materials highlight the need for the enaction and enforcement of the FDCPA due to long term collection abuses including but not limited to threats of violence, telephone calls at unreasonable hours, obscene language, disclosing personal information, impersonating public officials, and simulating legal process. Senate Report on the FDCPA, S.Ref. No. 382, 95th Cong., 2nd Sess. 5, reprinted in 1977 U.S. Code Cong. & Ad.News 1695. In an effort to fulfill its purpose, the FDCPA establishes specific standards of proscribed conduct for debt collectors and offers remedies to consumers who have been so violated.

## UNDISPUTED MATERIAL FACTS

1. Defendant, CREDIT COLLECTIONS, INC., is an Oklahoma collection agency that provides debt collection service with its principle place of business in Oklahoma City, Oklahoma. CREDIT COLLECTIONS, INC. is hired by creditors to collect delinquent debts through the use of letters and telephone communications.

2. Defendant, CREDIT COLLECTIONS, INC., purchased a debt owed by the Plaintiffs and attempted to collect the debt through its collection employees, JANE DOE, a/k/a DEBRA DENTON and JOHN DOE, a/k/a ROBERT SULLIVAN. See Exhibits 1 through 6.

3. On October 17, 2006, Defendant, JOHN DOE, a/k/a ROBERT SULLIVAN, contacted Plaintiff, DIANA BETH BIGGS, at her place of employment, Victory Church. Defendant, JOHN DOE, a/k/a ROBERT SULLIVAN called to collect the alleged indebtedness and indicated she had two weeks to pay the indebtedness. Defendant, JOHN DOE, a/k/a

ROBERT SULLIVAN, stated that if the matter was not paid, the matter would go to an attorney and Plaintiffs wages would be garnished. Defendant, JOHN DOE, a/k/a ROBERT SULLIVAN, inquired as to the address and account number of the Plaintiff's checking account so that funds could be garnished. See the affidavit of Diana Biggs, Exhibit "1".

4. Thereafter, on October 17, 2006, Plaintiff, BRANDON DALE BIGGS attempted to contact JOHN DOE, a/k/a ROBERT SULLIVAN by telephone. When contacting CREDIT COLLECTIONS, INC., JOHN DOE, a/k/a ROBERT SULLIVAN was not available and he was transferred to JANE DOE, a/k/a DEBRA DENTON. Plaintiff, BRANDON DALE BIGGS indicated JOHN DOE, a/k/a ROBERT SULLIVAN had contacted his wife and threatened to garnish wages and was scared. JANE DOE, a/k/a DEBRA DENTON confirmed one payment was received and that the full amount was due. JANE DOE, a/k/a DEBRA DENTON asked if the matter could be paid by credit card or if it could be barrowed from family members. At no time did JANE DOE, a/k/a DEBRA DENTON deny that wages would be garnished and indicated the matter was scheduled to be turned over to an attorney. At no time did JANE DOE, a/k/a DEBRA DENTON provide the necessary oral warnings mandated by the FDCPA ("This communication is from a debt collector"). See the affidavit of Brandon Biggs, Exhibit "2" and transcript of telephone conversation, Exhibit "4".

5. Thereafter on or about October 18, 2007 DIANA BETH BIGGS contacted CREDIT COLLECTIONS, INC., and spoke to JOHN DOE, a/k/a ROBERT SULLIVAN who confirmed they talked to BRANDON DALE BIGGS. It was stated that they had agreed to accept $25.00 per week in payments. DIANA BETH BIGGS indicated that the agreement was for $25.00 a month, not a week. JOHN DOE, a/k/a ROBERT SULLIVAN indicated that the $25.00 should be sent in to CREDIT COLLECTIONS, INC. DIANA BETH BIGGS asked if the payment would stop the garnishment and JOHN DOE, a/k/a ROBERT SULLIVAN stated "Uh huh". Even then, JOHN DOE, a/k/a ROBERT SULLIVAN stated he could not guarantee that legal action would not happen. DIANA BETH BIGGS indicated that she was really shaken up about the threat of garnishment. At no time did JOHN DOE, a/k/a ROBERT SULLIVAN provide the necessary oral warnings mandated by the FDCPA ("This communication is from a debt collector"). See the affidavit of Diana Biggs, Exhibit "1" and transcript of telephone conversation, Exhibit "3".

4

6.   Messages left on the answering machine of BRANDON DALE BIGGS and DIANA BETH BIGGS by Defendant, JOHN DOE, a/k/a ROBERT SULLIVAN, did not provide the necessary oral warnings mandated by the FDCPA ("This communication is from a debt collector").  See transcript of telephone messages, Exhibit "5"

## ARGUMENT AND AUTHORITIES

### I.      THE FDCPA IS A STRICT LIABILTY STATUTE

It is clear that the federal Fair Debt Collection Practices Act (15 U.S. C. §1692 et seq.) is a strict liability statute.  *See Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238-39 (5th Cir. 1997).  "A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA.  *Id* at 1321; *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996); *see also Irwin v. Mascott*, 112 F. Supp.2d 937 (N.D. Cal. 2000); *Pittman v. J.J. MacIntyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997); *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 1443, (D. Nev. 1994).  ("The fact that violations were innocuous and not abusive may be considered only in mitigating liability, and not as defenses."); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993) ("the degree of a [debt collector's] culpability may only be considered in computing damages").  The FDCPA is a strict liability statute, and one violation is sufficient to establish liability.  *Id* at 63.

Such a reading of the FDCPA is in harmony with the remedial nature of the statute that requires courts to interpret it liberally. *Cf., e.g., Eby v. Reb Realty, Inc.*, 495 F.2d 646, 650 (9th Cir. 1974) (concluding the remedial purpose of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, required liberal construction); *accord Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) ("Because the FDCPA . . . is a remedial statute, it should be construed liberally in favor of the consumer.").

### II.     THE FDCPA REQUIRES THE MINI-MIRANDA WARNING IN ALL COMMUNICATIONS

15 U.S.C. §1692e(11) of the FDCPA clearly states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, ***and the failure to disclose in subsequent communications that the communication is from a debt collector,*** except that this paragraph shall not apply to a formal pleading made in connection with a legal action." (Emphasis added)

A "communication" is clearly defined in the FDCPA at 15 U.S.C. §1692a(2). This section states as follows: "As used in this title - (2) The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium. This broad interpretation of the term "communication" is required to give all provisions of the FDCPA effect. As long as the collector is directly or indirectly attempting to collect a debt, any interchange of information to accomplish the collection of that debt must be construed as a "communication". See, *Reiter v. Sonotone Corp.*, 60 L.Ed.2d 931, 99 S.Ct. 2326, 442 U.S. 330, 339 (1979). ("In construing a statute we are obliged to give effect, if possible, to every word Congress used."). Therefore, §1692e(11) requires that all communications with the consumer, whether initiated by the consumer or the debt collector, contain a warning coined by some practitioners to be the "mini-Miranda" warning. Formerly, the §1692e Mini-Miranda provided that all communications with a consumer in debt collection attempts, must contain the statement that the debt collector is "attempting to collect a debt and that any information obtained will be used for that purpose." This language is similar to the well known "Miranda Warning" required by law enforcement to be given to those being arrested for a crime and hence, its nick-name. This warning was amended in September of 1996. While the former form of the Mini-Miranda must be communicated in the initial "Validation Notice" pursuant to 15 U.S.C. §1692g, subsequent communications do not require the full "Validation Notice" language. Nevertheless the "New Mini-Miranda" must be given in all subsequent communications by stating or advising, "This communication is from a debt collector". 15 U.S.C. §1692e(11).

6

This new Mini-Miranda warning (just like the prior Mini-Miranda warning) must be provided with every communication directed to the consumer, including all communications following the initial contact. *Tolentino v. Friedman,* 46 F.3d 645 (7th Cir. 1995) (Mini-Miranda warning must be provided with every communication directed to the consumer, including follow-up communications after litigation on the debt has commenced); *Carroll v. Wolpoff & Abramson,* 961 F.2d 459 (4th Cir.), cert. denied, 113 S.Ct. 298 1992); *Frey v. Gangwish,* 970 F.2d 1516 (6th Cir. 1992) (the FDCPA requires the provision of the mini-Miranda warning even on correspondence by the debt collector following the consumer's failure to make payments as stipulated in an agreed judgment); *Seabrook v. Onondaga Bureau of Medical Economics, Inc.,* 705 F.Supp. 81 (N.D.N.Y. 1989) (debt collection agencies are required to clearly make disclosures required by FDCPA in every communication to the debtor, not just in the initial communication).  A consumer who fails to establish that a debt collector did not give the required Mini-Miranda language required by 15 U.S.C. §1692e(11) in a telephone conversation relating to the collection of a debt, is not entitled to relief under the FDCPA.  *In Re Mason*, 167 B.R. 327 (Bankr. D.R.I. 1994).  Such is not the case before this case.  Plaintiffs have several conversations that were tape recorded that clearly show the Defendants, failed to provide the Mini-Miranda language.  See Exhibits "1" through "4".  Indeed, they failed to provide such mandated language when they talked to the consumers and when they left messages on their home answering machine.  See Exhibit "5".

One of the newer cases to challenge the failure of giving the Mini-Miranda in telephone messages is *Joseph v. J.J. Mac Intyre Cos., L.L.C,* 281 F.Supp.2d 1156 (N.D. Cal 2003).  There, the plaintiff alleged that the defendant debt collector called her approximately seventy-five (75) times and that dozens of these calls were made using an auto-dialer.  The plaintiff argued that the debt collector's calls violated §1692d(6) of the FDCPA, which prohibits the placement of telephone calls without meaningful disclosure of the caller's identity.  In turn, the defendant asserted that this provision of the FDCPA is inapplicable to automated phone calls and that the disclosure requirement only applies to phone calls made by a live person.  The court rejected the defendant's argument and held that automated telephone calls fall under the purview of §1692(d)6 of the FDCPA because "the language . . . applies to telephone calls; no distinction is made between live phone calls and automated phone calls." *Id* at 1163.

Another United States District Court case, *Hosseinzadeh v. M.R.S. Assoc., Inc.* 387 F. Supp. 2d 1104 (C.D. Cal. 2005), expanded *Joseph* by holding that automated messages constitute "communications" for purposes of the FDCPA. There, the plaintiff received six automated messages on her answering machine by the defendant debt collector. Like *Joseph*, *Hosseinzadeh* involved §1692d(6) of the FDCPA, and the court found that the automated messages violated the statute. It found that the messages left on the consumer's answering machine were indeed "communications" as defined under the FDCPA even though they did not mention the indebtedness.

The plaintiff in *Hosseinzadeh* also alleged that the debt collector defendant violated §1692e(11) of the FDCPA, that, as shown above, requires a debt collector to disclose that the communication is from a debt collector. While the defendant argued that the automated messages did not constitute "communications" under the FDCPA, the court disagreed and held that the automated messages left on the plaintiff's answering machine were "communications" under the FDCPA. "Because it appears that defendant's messages are "communications" subjecting defendant to the provisions of §1692e(11), it also appears that defendant has violated §1692e(11) because the messages do not convey the information required by §1692e(11), in particular, that the messages were from a debt collector. *Id* at 1116.

In the most recent case of debt collectors failing to leave the Mini-Miranda on consumer's answering machines is *Foti v. NCO Financial Sys., Inc.* 424 F.Supp.2d 643 (S.D. N.Y. 2006). There, the plaintiff argued that the defendant debt collector's uniform, pre-recorded, standardized message violated the FDCPA. The message stated, "Good day, we are calling from NCO Financial Systems regarding a personal business matter that requires your immediate attention. Please call back 1-866-701-1275 once again please call back, toll-free, 1-866-701-1275, this is not a solicitation." *Id* at 684. Here, as in *Hosseinzadeh*, the debt collector argued that the pre-recorded message was not a "communication" because it did not "convey any information regarding a debt, but instead simply request[ed] a return call regarding an important business matter." Id at 654. However, the *Foti* court also held that a pre-recorded message is a "communication" within the meaning of the FDCPA. The court stated, "Given that the obvious purpose of the message was to provide the debtor with enough information to entice a return call,

8

it is difficult to imagine how the voicemail message is not a communication under the FDCPA." *Id* at 656.

NCO further claimed that as a debt collector, it was prohibited from leaving the Mini-Miranda language on a consumer's answering machine as it could be heard by a non-debtor in further violation of the FDCPA under §1692c(b)'s prohibition on communications to third parties. This "Hobson's choice" was dismissed by the court indicating it was self-imposed by the debt collector. The court stated that just because a debt collector is entitled to attempt to collect a debt, it is not entitled "to use *any* means, even if those means are the most economical or efficient." *Id* at 659. "As the Supreme Court has held in the general context of consumer protection—of which the Fair Debt Collection Practices Act is a part—`it does not seem unfair to require that one who goes deliberately close to an area of proscribed conduct shall take the risk that he may cross the line.'" *Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir.1996)., (quoting Page 660 *FTC v. Colgate-Palmolive Co.,* 380 U.S. 374, 393, 85 S.Ct. 1035, 13 L.Ed.2d 904 (1965))." *Id* at 659-660.

**III.   DEFENDANTS FAILED TO PROVIDE THE NECESSARY MINI-MIRANDA IN THEIR COMMUNICATIONS WITH THE CONSUMERS HEREIN**

The transcript attached hereto as Exhibit "4" is a transcript of a conversation had between Plaintiff, BRANDON DALE BIGGS and Defendant, JANE DOE, a/k/a DEBRA DENTON. Exhibit "3" is a conversation between Plaintiff, DIANA BETH BIGGS and Defendant, JOHN DOE, a/k/a ROBERT SULLIVAN. Exhibit "5" is a transcript of two messages left by Defendant, JOHN DOE, a/k/a ROBERT SULLIVAN on the Plaintiff's answering machine. Of these four (4) conversations, two (2) with the Plaintiffs and two (2) with the Plaintiff's answering machine, Defendants never provided necessary oral warnings mandated by 15 U.S.C. §1692e(11) ("This communication is from a debt collector"). Indeed, Defendants have, through discovery, provided their account history log as to the collection of the debt from the Plaintiffs. See Exhibit "6". Other than one conversation on October 17, 2007, the first time the collector talked to Plaintiff, DIANA BETH BIGGS wherein the debt collector typed in "GAVE MM" all other conversations with the Plaintiffs are devoid of any record of providing this mandatory language. One can assume it was not given at all. This seems to indicate that the collectors of Defendant, CREDIT

COLLECTIONS, INC., have a modicum of the requirements of §1692e(11) and the necessity of providing the Mini-Miranda. Still it is clear that they do not care to provide the Mini-Miranda in all conversations. Indeed, the audio tape conversations and the transcripts show the Mini-Miranda language was never uttered by the debt collectors. Failure to provide this language is a clear and intentional violation of §1692e(11). *Tolentino, Supra. Foti, Supra.*

Plaintiff would submit that other violations of the FDCPA occurred during the debt collection process by the Defendants and these are set out in Plaintiffs' Complaint. They are not addressed herein as a single violation of any provision of the FDCPA is sufficient to establish civil liability. Here, Plaintiffs have shown multiple violations of 15 U.S.C. §1692e(11).

## CONCLUSION

It is clear that the Defendants, while attempting to collect an indebtedness violated 15 U.S.C. §1692e(11) by failing to provide the Mini-Miranda language in all communications. Failing to provide the required language is not inadvertent and a mistake. The transcripts ultimately evidence the collection agents of CREDIT COLLECTIONS, INC., do not take the mandates of the FDCPA seriously. Therefore, Plaintiffs, BRANDON DALE BIGGS, and DIANA BETH BIGGS, as protected consumers under the FDCPA respectfully request this Court grant summary judgment in its favor and against Defendants in this matter and award proper damages as requested in their Complaint.

Respectfully submitted,

/s/ *Joseph B. Miner*

JOSEPH B. MINER   OBA # 6249
CHRISTOPHER J. PETERSEN OBA # 14085
LITTLE, MINER & PETERSEN
3035 NW 63rd Street, Suite 200
Oklahoma City, OK 73116-3606
Telephone: (405) 848-0346
Facsimile: (405) 848-7569

ATTORNEYS FOR PLAINTIFFS,
BRANDON DALE BIGGS, and
DIANA BETH BIGGS

## CERTIFICATE OF SERVICE

☑    I hereby certify that on 1ˢᵗ day of October 2007 I electronically transmitted the attached document to the clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Colin H. Tucker
Rhodes, Hieronymus, Jones, Tucker & Gable
P.O. Box 21100
Tulsa, OK 74121-2200

/s/ *Joseph B. Miner*

☐    I hereby certify that on October 1, 2007 I served the attached document by mail on the following, who are not registered participants of the ECF System:

N/A

/s/ *Joseph B. Miner*

11