# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON DALE BIGGS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-07-0053-F |
| | ) |
| CREDIT COLLECTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

"Plaintiffs' Brandon Dale Biggs and Diana Beth Biggs Motion for Summary Judgment," filed October 1, 2007, is before the court and ready for determination. (Doc. no. 21.)

### Standards

Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must

come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

## Discussion

This is an action brought by individual consumers for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., (the Act). The express purposes of the Act are three-fold: to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002) (quoting § 1692(e)). Because the Act is a remedial statute, it should be construed liberally in favor of the consumer. *Id*.

With respect to alleged violations of the Act, the court applies an objective standard measured by how the least sophisticated consumer would interpret communications from a debt collector. *See*, Dikeman v. National Educators, Inc., 81 F.3d 949, 954 (10th Cir. 1996) (considering an earlier version of § 1692e(11); noting "the Act is for consumer protection and the disclosure requirement is designed to protect such consumers as may not have the sophistication to appreciate the significance of debt collection communications"); Ferree v. Marianos, 129 F.3d 130, *1-*2 (10th Cir. 1997) (unpublished opinion cited here pursuant to the requirements of Tenth Circuit Rule 36.3; noting other circuits apply the least sophisticated consumer test, and applying the test in that decision). This standard requires the court to consider how the least sophisticated consumer -- one not having the astuteness of a lawyer or even the sophistication of the average, everyday, common consumer -- understands the notice he receives. *Id*.

Some courts, including the Tenth Circuit, have indicated that the factual context of any given communication may be material to a determination of whether a violation of § 1692e(11)'s disclosure requirements occurred in a particular instance. *See, e.g.*, Dikeman, 81 F.3d at 954 ("context" and "situation" considered in determining whether violation of the prior version of §1692e(11) occurred; communications were with an attorney representing a consumer; disclosure to the attorney that the debt collector was attempting to collect a debt, and that information obtained would be used for that purpose, would have been "a pointless formality" and was not required by §1692e(11)); Foti v. NCO Financial Systems, Inc. 424 F. Supp. 2d 643, 670 (S.D. N.Y. 2006) (no violation with respect to January 26 call returned by a consumer to a debt collector in which the debt collector never explicitly stated he was a debt collector, but in which it was clear from the entirety of the conversation that even the least sophisticated consumer would have understood the call concerned collection of a debt); Ferree, 129 F.3d 130, *2 (in considering a different potential violation under the FDCPA, no violation found when information was provided as an attachment because even the least sophisticated consumer receiving two communications in the same envelope would examine the entire contents of the envelope); Pressley v. Capital Credit & Collection Service, 760 F.2d 922, 925 (9th Cir. 1985) (under the previous version of § 1692e(11), court noted the follow-up notice in question only "demand[ed] payment as earlier requested"; court reasoned that the notice "is not a 'communication' within which the disclosure required by 15 U.S.C. § 1692e(11) must be made").[1]

---

[1]Plaintiffs' cases, cited (at doc. no. 21, p. 7) for the proposition that disclosures must be provided in all communications following the initial contact, construe a prior version of §1692e(11). The earlier version provided that "the failure to disclose clearly in all communications made to
(continued...)

In this action, the specific sections of the Act which the complaint alleges were violated are §1692e(5)(10)and (11), and § 1692f. (The complaint also alleges other claims, including claims that defendants' actions were intentional, grossly negligent, and that there was a failure to properly educate and train debt collectors.) Although plaintiffs' motion asks for summary judgment in plaintiffs' favor on all claims, the motion presents developed argument with respect to only one set of claims -- claims involving defendants' alleged failure to disclose in subsequent communications (as opposed to initial communications) with the consumer that communications were from debt collectors, in violation of § 1692e(11).[2] The pertinent portion of §1692e(11) provides that a debt collector's "failure to disclose in subsequent communications that the communication is from a debt collector" constitutes a violation of the Act.

1.

The first call which plaintiffs contend violated the subsequent communication disclosure requirement occurred on October 17, 2006. It is undisputed this call was placed by defendant Robert Sullivan (debt collector) to plaintiff Diana Beth Biggs (consumer), at Ms. Biggs' place of employment. Neither plaintiffs' statement of proposed undisputed material facts (UMF), nor Ms. Biggs'

---

[1](...continued)
collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose," constituted a violation. The current version of the statute, enacted in 1996, places different disclosure requirements on initial communications and on subsequent communications.

[2]Although plaintiffs' motion refers to claims based on allegedly misleading or otherwise improper practices by the defendants, the "Argument and Authorities" portion of plaintiffs' moving brief clearly focuses on defendants' alleged failure to give the subsequent communication disclosure provided for in §1692e(11). To the extent that plaintiffs may have intended to press for summary judgment on any claims not discussed in the text of this order, their motion is denied because they have failed to show there are no genuine issues of material fact with respect to such claims.

affidavit, expressly contends that, in this particular call, Mr. Sullivan failed to state that he was a debt collector. (*See* pls' UMF No. 3 pertaining to this call, and Biggs' aff. at doc. no. 21, Ex. 1.) Furthermore, the content of the call as described in Ms. Biggs' affidavit suggests that the obvious purpose of the October 17 call from Mr. Sullivan to Ms. Biggs was debt collection. No transcript of this call has been submitted. Mr. Sullivan's answers to interrogatories (doc. no. 22, Ex. 7) suggest there may be disputed facts as to whether disclosures were given in this conversation.

Based on this record, plaintiffs have not shown that they are entitled to judgment as a matter of law with respect to their claim that the call from Mr. Sullivan to Diana Beth Biggs on October 17, 2006, violated §1162e(11).

2.

The next call in issue also occurred on October 17, 2006. It is undisputed this call was placed by plaintiff Brandon Dale Biggs, who called the defendants' office. Based on the undisputed transcript attached to plaintiffs' motion (Tr. at doc. no. 21, Ex. 4), Mr. Biggs first reached a phone operator for defendant Credit Collections, Inc.; the operator then advised Mr. Biggs that Robert Sullivan (with whom Diana Beth Biggs had spoken the day before) was at lunch; and Mr. Biggs' call was then passed to defendant Debra Denton. It is undisputed that during this call no one expressly identified themselves to Mr. Biggs as a debt collector.

In response to this last point, defendants argue that the statutory language of §1162e(11) only requires disclosure when the subsequent communication is literally "*from* a debt collector." Because Mr. Biggs placed this call to the collection agency, defendants contend no subsequent communication disclosure was required. Section 1692e(11)'s requirement to disclose that subsequent communications are "from" a debt collector makes sense when viewed alongside

§1692e(11)'s requirements concerning initial communications between a debt collector and a consumer. In the initial communication the debt collector must disclose that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose...." Assuming these initial disclosures are given, it is reasonable to presume that if a consumer then contacts a debt collector, the debt collector need not again identify himself as a debt collector. It may be for this reason that the statute requires the disclosure that subsequent communications are "from a debt collector."

The observation that Congress' choice of the word "from" makes sense in the context of the statute, does not mean, however, that Congress intended disclosures are not required whenever subsequent communications occur that are initiated by the consumer. It is easy to imagine circumstances in which a caller might return a call to a debt collector but be uncertain about who he is calling or why. The disclosure required in the initial communication may not have been given. If the initial disclosure was given, it might have been given days, weeks or months before the subsequent communication occurred. In light of the requirement that the Act be interpreted liberally in favor of the consumer, the court rejects defendant's contention that § 1692(e) does not apply to subsequent communications when such communications are initiated by the consumer.

Rejection of the defendant's position does not, however, entitle plaintiffs to summary judgment with respect to their non-disclosure claim based on the October 17 call placed by Mr. Biggs. Although the purposes of the Act require a liberal construction of §1162e(11) so as to protect the least sophisticated consumer, that purpose does not require patently unnecessary identification in subsequent communications when there are facts to suggest (as the transcript does here) that the consumer placed the call knowing who he was calling and understanding that he

was speaking with a debt collector regarding debt collection. (Tr. at doc. no. 21, Ex. 4) If that is the case here, then requiring the debt collector to interrupt the conversation with Mr. Biggs to interject that he was a debt collector might have been merely "a pointless formality," to quote Dikeman, 81 F.3d at 954. Moreover, defendants contend that the plaintiffs entrapped them with respect to statements made by the defendants regarding potential garnishment. This entrapment defense is another disputed circumstance that is relevant to a determination of whether a disclosure violation occurred during this call.

On this record, plaintiffs have not shown that they are entitled to summary judgment with respect to their claim that defendants violated §1162e(11) during the call placed by Mr. Biggs on October 17, 2006.

3.

The next call in question was made on October 18, 2007, by Diana Beth Biggs, who called Robert Sullivan with Credit Collections, Inc. For reasons previously stated, the court rejects defendants' position that the statute does not apply because the call was not from the debt collector. Based on the undisputed transcript of this call, Mr. Sullivan failed to expressly identify himself as a debt collector during this call. (Tr. at doc. no. 21, Ex. 3.) The transcript suggests, however, that Ms. Biggs knew Mr. Sullivan was a debt collector. (Doc. no. 21, Ex. 3, p. 1.) Therefore, for the same reasons as apply to the October 18 call placed by Mr. Biggs, the court concludes that plaintiffs have not shown they are entitled to summary judgment on their claim that defendants violated § 1692e(11) during the October 18, 2006 call placed by Ms. Biggs.

4.

The other communications in issue are described by plaintiffs as: "Messages left on the answering machine of BRANDON DALE BIGGS and DIANA BETH

BIGGS by Defendant, JOHN DOE, a/k/a ROBERT SULLIVAN."  Plaintiffs complain that in these voice-mail messages defendants "did not provide the necessary oral warnings mandated by the FDCPA ('This communication is from a debt collector.')"  (Doc. no. 21, p. 5, UMF No. 6.)  The arguments and evidence suggest it is likely that a number of messages were left, but transcripts of only two voice-mail messages are submitted by plaintiffs in support of this claim.  (Tr. at doc. no. 21, Ex. 5.)

Defendants concede the two transcribed voice-mail messages do not disclose that they are from a debt collector.  Defendants argue, however, that such voice-mail messages do not constitute "communications" within the meaning of §1692e(11).  The statutory definition of "communication" is found in 15 U.S.C. §1692a(2).  As defined there, "[t]he term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium."  Decisions cited in the parties' briefs from a variety of courts conclude that voice-mail messages constitute "communications" for purposes of §1692e.  However, that is not the end of the matter, as to the voice-mail messages in question here.  Words matter – in this instance, the words of the voice mails and the words of the statutory definition of a "communication."  The transcript of the voice mail messages demonstrates that the voice mails "convey[ed]" no "information regarding a debt."[3]  No amount of liberal construction can broaden the statutory language to encompass the words recorded in these voice mails.  Summary judgment will be denied as to the voice mails shown by the transcripts attached as Exhibit 5 to plaintiffs' motion.

---

[3] In this respect, the statutory language is oddly narrow.  The statutory definition does not include messages or communications that do not impart (or are not at least intended to impart) information about a debt.  The voice mails at issue here would have been encompassed by a definition that included "a communication in furtherance of any attempt to collect a debt."

5.

Defendants also argue that plaintiffs are not entitled to summary judgment on any of their claims, because plaintiffs have not shown that the individual defendants (as opposed to the corporate defendant) are liable for the conduct in question. As an alternative ground for denying plaintiffs' motion, the court notes its agreement with the defendants on this point.

## Conclusion

After careful consideration of the parties' submissions, the record, and the relevant legal authorities, plaintiffs' motion for summary judgment is **DENIED**.

Dated this 15th day of November, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0053p003a(pub).wpd